1
2
3
4
5
6
7
8               IN THE UNITED STATES DISTRICT COURT
9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   EUGENE LEON PRICE,                    No.  2:25-CV-0474-DMC-P

12              Plaintiff,

13       v.                                ORDER

14   SPEARS, et al.,

15              Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

19          The Court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C.

21   § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was

22   initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel.

23   Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or

24   portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can

25   be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See

26   28 U.S.C. § 1915A(b)(1), (2).

27   / / /

28   / / /

1    Moreover, the Federal Rules of Civil Procedure require that complaints contain a
2 ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.
3 Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See
4 McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).
5 These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim
6 and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).
7 Because Plaintiff must allege with at least some degree of particularity overt acts by specific
8 defendants which support the claims, vague and conclusory allegations fail to satisfy this
9 standard.  Additionally, it is impossible for the Court to conduct the screening required by law
10 when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as Defendants: (1) Spears; (2) Sander; (3) Sanders; (4) Ms. Long; (5) Washington; (6) Ms. Washington; (7) all correction officers; and (8) all County or State employees at San Joaquin County Jail.  See ECF No. 1, pgs. 1-2. Plaintiff asserts three Eighth Amendment claims, including excessive force, denial of medical treatment, and inhumane confinement conditions, and a claim of violation of due process. See id.

Plaintiff's first and second claim arise from the same incident during his time in the San Joaquin County Jail, in which Plaintiff contends that Defendant Spears employed excessive force and subsequently denied Plaintiff of medical care. See id. at 3. Plaintiff asserts that on September 20, 2023, Defendant Spears sprayed Plaintiff with a whole can of mace and proceeded to kick Plaintiff on his head with his steel-toe boots. See id. Plaintiff further alleges that, after the incident happened, Defendant Spears failed to provide Plaintiff adequate medical attention. See id. According to Plaintiff, Defendant Spears "walk[ed] [Plaintiff] inside 'Intake One' for about an hour before [Plaintiff] went to the hospital for medical treatment." Id.

///
///
///

2

Plaintiff's claim of inhumane conditions of confinement and due process claim arise from Plaintiff's solitary confinement in the jail. See id. Plaintiff contends that Defendants placed Plaintiff in the "hole"[1] for a total of seven and half months, comprising of a period of 10 days, a period of forty days, and another period of six months. See id. Plaintiff asserts that, while he was placed under confinement in segregation, Plaintiff was recorded 24 hours a day, even while he was sleeping, showering, and talking on the phone. See id. at 3 and 5. Plaintiff declares that Defendant correctional officers sometimes cut the phone-line while Plaintiff was using the phone. See id.

Additionally, Plaintiff asserts that Defendant correctional officers and county/state employees "record[ed] [themselves] taking money from [Plaintiff's] account and giving it to other inmate exstoration [sic] [and] never giving [Plaintiff] [his] mail. Id. at 5. Plaintiff further accuses Defendants of humiliating and degrading him and his family. See id. at 5. Plaintiff contends that, through the humiliation and inhumane treatments alleged above, Defendants inflicted severe emotional distress on Plaintiff. See id. at 5. Plaintiff attached a letter to the complaint that describes incidents he experienced at other facilities that are not relevant to the claims arising from Plaintiff's time at San Joaquin County Jail. See ECF No. 1-1, pg. 1.

## II. DISCUSSION

The Court finds that Plaintiff stated a cognizable excessive force claim against Defendant Spears. However, Plaintiff's complaint has not alleged sufficient facts to link any constitutional violation to Defendants Sander, Sanders, Ms. Long, Washington, Ms. Washington, all correction officers, and all county/state employees at the San Joaquin County Jail. As to Plaintiff's delay of medical treatment claim against Defendant Spears, Plaintiff has not provided sufficient facts to state a cognizable claim. Plaintiff's conditions of confinement claim does not specify any actions taken on behalf of Defendants and thus, is not cognizable. Additionally, Plaintiff does not allege facts linking the due process claim to any of the named Defendants. For

---

[1] The 'hole' is a term for solitary confinement in prison, where inmates are isolated from the general population.

3

the reasons discussed below, Plaintiff will be provided an opportunity to amend.

### A. Causal Link

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff's allegations fail to establish the necessary causal link between the Defendants' conduct and the alleged constitutional deprivation. In his complaint, Plaintiff names several people as Defendants, including Sander, Sanders, Ms. Long, Washington, Ms. Washington. See ECF No. 1, pg. 2. However, Plaintiff did not allege facts to show specific facts as to each Defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). In addition to those named Defendants, Plaintiff also lists "all correctional officers and all county/state employees" as Defendants, without providing specific acts or omissions made by those Defendants that may have caused violations of Plaintiff's constitutional rights. See id. Thus, Plaintiff will be provided an opportunity to amend.

### B. Delay of Medical Treatment

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102

1  (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.
2  Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with
3  "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy,
4  801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when
5  two requirements are met: (1) objectively, the official's act or omission must be so serious such
6  that it results in the denial of the minimal civilized measure of life's necessities; and (2)
7  subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of
8  inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison
9  official must have a "sufficiently culpable mind."  See id.

10       Deliberate indifference to a prisoner's serious illness or injury, or risks of serious
11 injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105;
12 see also Farmer, 511 U.S. at 837.  An injury or illness is sufficiently serious if the failure to treat a
13 prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton
14 infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v.
15 County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1)
16 whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the
17 condition significantly impacts the prisoner's daily activities; and (3) whether the condition is
18 chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th
19 Cir. 2000) (en banc).  Delay in providing medical treatment, or interference with medical
20 treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where
21 delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.
22 See McGuckin, 974 F.2d at 1060.

23       Plaintiff alleges that he was sprayed a whole can of mace and kicked in head by
24 Defendant Spears and following that incident, Defendant Spears delayed providing medical
25 treatment to Plaintiff. See ECF, No. 1, pg. 3. Such allegations constitute a claim of "unnecessary
26 and wanton infliction of pain" sufficient to constitute a cognizable claim under the Eighth
27 Amendment.
28 / / /

**C.    Conditions of Confinement**

"The Constitution 'does not mandate comfortable prisons.'" Farmer, 511 U.S. at 832 (quoting Rhodes, 452 U.S. at 349); see also Hallett v. Morgan, 296 F.3d 732, 745 (9th Cir. 2002); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes, 452 U.S. at 347; Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint, 801 F.2d at 1107; see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment. See Toussaint, 801 F.2d at 1107; Wright, 642 F.2d at 1133. "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise – for example, a low cell temperature at night combined with a failure to issue blankets." Wilson v. Seiter, 501 U.S. 294, 304 (1991); see also Thomas v. Ponder, 611 F.3d 1144, 1151 (9th Cir. 2010); Osolinski, 92 F.3d at 938-39; Toussaint, 801 F.2d at 1107; Wright, 642 F.2d at 1133. When considering the conditions of confinement, the court should also consider the amount of time to which the prisoner was subjected to the condition. See Hutto v. Finney, 437 U.S. 678, 686-87 (1978); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005).

Plaintiff alleges that his living condition had "insufficient heating and excessive noise." See ECF No. 1, pg. 4. However, Plaintiff does not state facts establishing the necessary causal link between any of the Defendants and the alleged constitutional violation. Plaintiff will have the opportunity to amend.

**D.     Due Process Claim**

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Due process protects against the deprivation of property where there is a legitimate claim of entitlement to the property. See Bd. of Regents, 408 U.S. at 577. Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source – such as state law – and which secure certain benefits and support claims of entitlement to those benefits. See id.

Plaintiff generally alleges that his due process rights were violated by confinement in segregation and deprivation of his property rights. See ECF, No. 1, pgs. 3, 5. Plaintiff does not, however, state facts linking any Defendant to the alleged due process violation. Thus, Plaintiff will be provided an opportunity to amend.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167

1  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

2       Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

     Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: June 5, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE